# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT NASHVILLE

Assigned on Briefs October 8, 2013

## STATE OF TENNESSEE v. DANIEL ADAM BARNES

**Appeal from the Circuit Court for Cheatham County**
**No. 16551     George Sexton, Judge**

**No. M2013-00202-CCA-R3-CD - Filed December 3, 2013**

The defendant, Daniel Adam Barnes, appeals from his Cheatham County Circuit Court bench conviction of Class A misdemeanor assault. On appeal, the defendant claims that his 11-month, 29-day sentence, all but 10 days of which was suspended, was erroneously imposed because he was not given the opportunity to be heard before the sentence was imposed. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR. J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and ROGER A. PAGE, JJ., joined.

William Bradley Lockert, III, District Public Defender; and Steve Stack, Assistant Public Defender, for the appellant, Daniel Adam Barnes.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Assistant Attorney General; Dan Mitchum Alsobrooks, District Attorney General; and Brooke Orgain, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant's assault conviction arose from events that occurred on or near the Cheatham County Courthouse square on August 28, 2011. The defendant had been formerly married to Chelsea Barnes, and the union produced a daughter who was two years of age in August 2011. The victim is the father of Chelsea Barnes and the grandfather of the Barnes's child. Pursuant to civil proceedings, the parties effected the visitation exchange of the child by meeting at the courthouse where, typically, Chelsea Barnes would arrange for the exchange to be observed by an Ashland City police officer.

On August 28, 2011, the parties arrived at the courthouse for the defendant to return the child to Ms. Barnes. No police officer was in observance, but the victim along with some of his friends with whom he had been riding motorcycles that day attended the exchange.

The victim testified that when the defendant made a disparaging remark about Ms. Barnes, the victim said the remark was "cute," a comment that prompted the defendant to try to "headbutt" the victim. The victim said that when this failed, the defendant spat in the victim's face. The victim said that when he bowed his chest and tried to insert himself between the defendant and the females, the defendant hit him over the left eye with his fist. The blow caused a cut which was depicted in photographs introduced into evidence.

The defendant testified that the victim was the initial aggressor. He said that the victim chest-bumped the defendant, backing him up a car length, before grabbing the defendant's throat with his hands. The defendant testified that he then swung at the victim in self-defense.

The victim's version of the event was generally corroborated through the testimonies of Ms. Barnes and a bystander and, apparently, a video recording of the event that was played for the trial court but was not included in the record on appeal.

Following the arguments of counsel, the trial court announced its finding that the defendant's testimony was contrary to the weight of the evidence. The court then said, "I find beyond a reasonable doubt that he's guilty of assault, sentenced to 11/29 to be suspended after ten days, $50 fine and costs, must complete anger management class." The State asked for a "no-contact" provision, and when the defense announced no objection, the court agreed to the provision. The court acceded to the suggestion of the defendant in fixing a date for the defendant's appearance to serve the 10 days. The trial court asked whether anything else was to be done, and defense counsel responded, "I think that's it." The proceedings in the trial court ended.

On appeal, the defendant claims that the trial court erred by denying him an opportunity to be heard before the pronouncement of sentence. He relies upon Tennessee Code Annotated section 40-35-302(a), which provides:

> In imposing a sentence for a misdemeanor, the court may conduct a separate sentencing hearing. If the court does not conduct a separate sentencing hearing, the court shall allow the parties a reasonable opportunity to be heard on the question of the length of any sentence and the manner in which the sentence

is to be served.

The State counters that the trial court heard the defendant's version of the event and its background during the bench trial and that, in any event, the defendant made no request to be heard further prior to sentencing.

In *State v. Richard E. Nelson*, No. 01C01-9601-CR-00034 (Tenn. Crim. App., Nashville, Sept. 18, 1997), this court reviewed a similarly-handled case of misdemeanor sentencing. A jury convicted Nelson, and

> [a]fter the jury was discharged, the trial court immediately sentenced the appellant. Neither the appellant nor the State attempted to make any statements or offer any additional evidence prior to sentencing. Further, the appellant made no objection to the trial court's immediate sentencing. However, after the trial court pronounced its sentence, counsel for the appellant requested that his client be permitted to get treatment. The trial court denied that request.

*Id.*, slip op. at 3. This court noted that "[t]he record does not reflect that the trial court denied the appellant th[e] opportunity" to be heard pursuant to Code section 40-35-302(a). We said that "[n]either appellant, nor his counsel, expressed a desire to be heard prior to sentencing" and that "[p]rior to sentencing, the appellant neither requested to be heard nor objected to being sentenced without being heard. By failing to contemporaneously object, the appellant has waived consideration of this issue on appeal." *Id.* (citing *State v. Killebrew*, 760 S.W.2d 228, 235 (Tenn. Crim. App. 1988); Tenn. R. App. P. 36(a)).

We believe the reasoning in *Richard E. Nelson* is apt for adjudicating the present case, and we hold that, even if the defendant was not availed a reasonable opportunity to be heard "on the question of the length of any sentence and the manner in which the sentence is to be served," his failure to contemporaneously object to the procedure worked as a waiver of the issue. A waiver in this circumstance is predicated upon basic principles of appellate review that are embodied in Tennessee Rule of Appellate Procedure 36(a): "[R]elief may not be granted in contravention of the province of the trier of fact," and the rules of review do not require that relief be granted "to a party . . . who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." *See* Tenn. R. App. P. 36(a).

Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE